# NOTICE OF REMOVAL
# (FEDERAL QUESTION)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| John Singletary and Carla Singletary ) | | |
| ) | | |
| Plaintiff, ) | Case No.: | 08-cp-10-3929 and City of North Charleston Zoning Board of Appeals Proceedings |
| ) | | |
| vs. ) | | |
| (1) City of North Charleston Clerk and Legal Dept. (City Attorney) ) | | |
| Brady Hair, (2) City Bldg. Dept Darbis Brigman, (3) City Zoning Dept. ) | | |
| William Gore, (4) ZBA, Vice Chair Donald Schaeffer, (5) CityMayor ) | | |
| Keith Summey, (6) City Bldg. Inspector Rick Williams, Defendant. ) | | |
| (7) City Zoning Inspector Mary Cohen, and (8) ZBA Sec. ) | | |
| Adrienne Williams. | | |

## NOTICE OF REMOVAL

TO THE CLERK OF THE ABOVE-ENTITLED COURT:
PLEASE TAKE NOTICE that defendant John & Carla Singletary hereby removes to this Court the state court action described below.

XI. On JUNE 18, 2009 *(date)*, an action was commenced in the Ninth Judicial District, District Court, CHAS County, entitled City of North Charelston ZBA, Plaintiff, vs. John Singletary, Defendant, Case number 08-CP-10-3929 and City of North Charleston Zoning Board of Appeals Hearings

XII. Defendant was served with summons on JUNE 8, 2009, and received a copy of plaintiff's petition on JUNE 8, 2009. This Notice is timely.

XIV. This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. §1331, and is one which may be removed to this Court by defendant pursuant to the provisions of 28 U.S.C. §1441(b) in that it arises under *(statute, constitutional provision, or other basis of federal question jurisdiction)*.

WHEREFORE, defendant John Singletary prays that this action be removed to the United States District Court for the District South Carolina Charleston Division
DATED: JUNE 18, 2009

By _____ John Singletary, Pro se

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
*Pro Se* **[Non-Prisoner] Complaint Form**
CHARLESTON DIVISION

*[Enter the full name of the plaintiff in this action]*

    John G. Singletary Jr.

    Carla C. Singletary

v.

*[Enter the full name of each defendant in this action. If possible, please list only one defendant per line.]*

The City of North Charleston

City of North Charleston Building Dept.

City of North Charleston Zoning Dept.

City of North Charleston Zoning Board of Appeals Dept. (ZBA)

City of North Charleston Legal Dept.

R. Keith Summey, City of North Charleston Mayor

Darbis Briggman, City of North Charleston Chief Bldg. Official

William B. Gore, Zoning Director

Rick Williams, Building Inspector

Mary Cohen, Zoning Inspector

Adrienne Williams, Zoning Board of Appeals Secretary

Donald Schaeffer, ZBA Vice Chairman and May 5, 2009 Acting Chair

) Civil Action No.
)_____
) *(to be assigned by Clerk)*

*If allowed by statute, do you wish to have a trial by jury?* Yes __X__      No _____

*[If any answer requires additional space, please use additional paper and attach hereto.]*

## I. PREVIOUS LAWSUITS

    A.    *Have you begun other lawsuits in state or federal court dealing with the same facts involved in this action?*

        Yes _____    No __X__

( However I am Defendant in Appeal concerning facts of this case, case 08-CP-10-3929. Through pendant jurisdiction I am requesting removal of case 08-CP-10-3929 and the City of North Chaleston ZBA proceedings ( no case number) to Federal Court )

B. *If your answer to A is Yes, describe the lawsuit in the space below. [If more than one lawsuit, describe on another sheet of paper using the same outline.]*

1. *Parties to this previous lawsuit:*

   *Plaintiff:* The City of North Charleston

   *Defendant(s):* John Singletary Jr.

2. *Court:* State of South Carolina, The Circuit Court of the Ninth Judicial Circuit

   *(If federal court, name the district; if state court, name the county)*

3. *Docket Number:* 08-CP-10-3929 and The City of North Charleston ZBA Proceedings (no case number)

4. *Name(s) of Judge(s) to whom case was assigned:* Judge Roger M Young

5. *Status of Case:* Case was ended with no final hearing, no formal notification on final order, refusal to obtain lower court record, and no requested transcription of hearing.

   *(For example, was the case dismissed? Settled? Appealed? Still Pending?)*

6. *Date lawsuit was filed:* July 9th 2008   4:40 PM

7. *Date of disposition (if concluded):* Have not received formal notice from Circuit Court, My requested notice and proof of notice has not been answered. Hearsay from City states January 6, 2009

C. *Do you have any other lawsuit(s) pending in the federal court in South Carolina?*

   Yes _____    No   X

## II. PARTIES

*In Item A below, place your name and address in the space provided. [If additional plaintiffs, do the same on another sheet of paper.]*

A. Name of Plaintiff: John G. Singletary Jr. and Carla C. Singletary

   Address: 2937 Alabama Dr.   North Charleston, SC  29405

*In Item B below, place the full name of the defendant, and his/her/its address, in the space provided. Use Item C for additional defendants, if any.*

B. Name of Defendant: The City of North Charleston

   Address: 4900 La Cross Rd. North Charleston, SC  29405

   The City of North Charleston Building Dept.   4900 La Cross Rd. North Charleston, SC  29405

   The City of North Charleston Zoning Dept.   4900 La Cross Rd. North Charleston, SC  29405

C. *Additional Defendants (provide the same information for each defendant as listed in Item B above):*

The City of North Charleston Zoning Board of Appeals Dept.  4900 La Cross Rd. North Charleston, SC  29405

The City of North Charleston Legal Dept.  4900 La Cross Rd. North Charleston, SC  29405

The City of North Charleston Mayor, R. Keith Summey  4900 La Cross Rd. North Charleston, SC  29405

The City of North Charleston Chief Bldg., Official Darbis Brigman  4900 La Cross Rd. North Charleston, SC  29405

The City of North Charleston Zoning Director, William B. Gore  4900 La Cross Rd. North Charleston, SC  29405

The City of North Charleston Flood Plain Mgr. & Inspector, Rick Williams  4900 La Cross Rd. North Charleston, SC  29405

The City of North Charleston Zoning Inspector, Mary Cohen  4900 La Cross Rd. North Charleston, SC  29405

The City of North Charleston Zoning Board of Appeals Secretary, Adrienne Williams  4900 La Cross Rd. North Charleston, SC  29405

The City of North Charleston Vice Chariman & May 5, 2009 acting Chair, Donald Schaeffer  4900 La Cross Rd. North Charleston, SC  29405

### III. STATEMENT OF CLAIM

*State here, as briefly as possible, the facts of your case. Describe how each defendant is involved. Include also the name(s) of other persons involved, dates, and places.* **Do not give any legal arguments or cite any cases or statutes.** *If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Use as much space as you need. Attach extra sheets of paper if necessary.*

1. Now comes John Singletary and Carla Singletary, Pro se. John and Carla Singletary both reside at 2937 Alabama Dr. North Charleston, Charleston County, State of South Carolina in the United States of America.

2. The City of North Charleston is a municipality with each of its departments, employees and or agents listed work in Charleston County, State of South Carolina in the United States of America.

3. The amount of controversy exceed one hundred thousand dollars in cost and interest.

4. The Singletary's purchased the property located at 4321 Waterview Circle in December of 2003

5. The Singletary's sought and obtained a permit from the City of North Charelston to build their home and resident on a lot purchased and owned by them in accordance with plans submitted, reviewed, and approved by City of North Charleston.

6. An unfounded delay in construction was caused by Inspector Rick Williams which was later overturned by Building Official after being confirmed by ICC as unnecessary.

7. In October of 2007 the Post & Courier published an article with erroneous and damaging information concerning the construction of the Singletary's home.

8. The approximately 95% of the home and the entire steps were completed by November 2007. The Singletary's have been, is and remains in compliance with the ordinances for The City of North Charleston. These malicious acts of suppression and flagrant deeds of bad faith of denial of specific Constitutional Rights pursuant to the 13th and 14th amendment amounts to outrageous conduct under South Carolina Law.

## III. STATEMENT OF CLAIM - *continued.*

9. In March 2008, The Singletary's completed the final phase of the construction on the aforementioned home. The adjoining homeowner, and would be neighbor, a member of the Caucasian race question the accuracy of the boundary line dividing plaintiff's real estate and the said Caucasian neighbors. The dispute was resolved by a professional surveyor in the Singletary's favor. Hence therefore the Singletary's problem became exacerbated. More specifically an apparent conspiracy against their civil rights begun and denial of the Singletary's constitutional right to own build and occupy their home on account of race, creed, color or a dislike for them individually became apparent.

10. Without just cause on April 7, of 2008 a cadre of city officials acting under color of law (approximately nine) in procession behind a North Charleston police car converged on his premises at 4321 Waterview Circle and order him that "you had better apply for a variance regarding your steps or a stop work order will be issued against you and you will be fined daily." The hostility multiplied and under threats, duress, intimidation, and coercion John G. Singletary under fear that he would lose benefits of his investment reluctantly applied for a variance when none was needed. Even though he fulfilled all requirement to obtain one. Therefore on the same day and time the application was being filed for variance the ZBA was denying the coerced request for the unwanted, and unnecessary variance with no opportunity to be heard, even though he fulfilled all city criteria for receiving a variance.

11. After two meetings with the Mayor and due to improper notification of the meeting, the mayor reluctantly required a second hearing in May of 2008. Wherein the "Chairperson" residing over the meeting contrary to ZBA Bylaws, Robert Rules of Order, and rules of a fair hearing, proceeded himself to make a motion to deny the said variance, second his own motion, and cast a ballot himself to create a plurality against the Singletary's even though the rules did not provide for such. The Zoning Department also presented falsified documents to ZBA during hearing.

12. The Singletary's sought to appeal the Zoning Board of Appeals ruling but was refused a copy of the record of said hearing on the basis that the tape recording was distorted beecause of malfunction and no record has been shared under the numerous requested Freedom of Information Act (FOIA) submissions even though the commission is required by law to keep a record of the proceedings. Thus, the Singletary's was denied access to the record and their right to preservation of a record for appellate review. A flagrant breach of due process of law and equal protection guaranteed by the 14th Amendment.

13. Altogether this right specified in the body of his appeal to the Charleston County Circuit Court, that court not only ignored but left unaddressed the asserted constitutional right to a record but failed to exclude or rule upon contents of a matter of law cited by council for the City and brought to the courts attention by John Singletary. This misapplication of the law on the City's part was also ignored by the court. This display of impairment of Constitutional rights and liberties showed a lack of fundamental fairness and a waver in the judicial process, a violation of my 14th amendment due process right.

14. Furthermore, the city cites matters of a purported City code that is not in the official code of law or city ordinance. This Phantom code and inverse condemnation is a wrongful land use control that has rendered the Singletary's investment worthless.

15. Now Mr. Singletary's name is being slandered and he is being ruled into court for allegedly failing to comply with a non-existing order and to be punished for not complying with a non-existent order.

## III. STATEMENT OF CLAIM - *continued.*

16    The ZBA never issued any valid court order to the Singletary's, nor did the Singletary's have knowledge of any issued order hence non compliance and willful disobedience was not possible.

17    The Singletary's has heretofore been given periodical review and approval by The City of North Charelston each and every phase of the building of his home based upon the stated and written promise from the city to grant a C/O following the completion of all required inspections. Ultimately The Singletary's Fair Housing Rights are being trampled upon. With no equal protection since many neighbors homes based upon professional surveyor rest closer to the street than the Singletary's.

18    The Singletary's have been given inspection approval for Site, Building, Plumbing, Electrical, Mechanical, and Gas inspections. However, although prior approval of every phase essential to the granting of a certificate of occupancy has been given the City of North Charleston's Building Department continues against its own ordinance refuse repeated request to have a certificate of inspection granted even after scheduling the inspection and simply not showing up and not calling to cancel.

19    Even worse than the forgoing the former long standing employee of the City of North Charleston and now the presiding Circuit Court Judge for Charleston County refused to recuse himself from presiding in the case and steadfastly refuse to allow the The Singletary's the appellant a hearing on his appeal to the Charleston County Circuit Court even though at a bench hearing the ruling agreed upon was to hear the Singletary's pending appeal upon the merits at a later date. the right to a fair hearing was denied. The ZBA never issued an order and the Circuit Court never issued an order. Furthermore the City's Own Code State "Section 7-7.4. Contempt; In case of contempt by a party, witness, or other person before the board of appeals, the board may certify this fact to the circuit court of the county in which the contempt occurs and the judge of the court, in open court or in chambers, after hearing, may impose a penalty as authorized by law. (Ord. No. 1998-81, 9-24-98)

20    John Singletary has now been motioned in by the City of North Charleston ZBA hearing to show cause why he should not be held in contempt of court even though the North Charleston City Code stipulates "If no inspection is performed within seven (7) days after the inspection request is made then the permit holder shall inform the city in writing of this fact. If no inspection is performed within seven (7) days after the city's receipt of such written notice then the inspection shall deem to have been waived and construction permitted to proceed as if such inspection had been approved." clearly requested inspections are mandatory upon request. Even more malicious the city's Building Department has placed an illegal hold on the entire project.

21    The Singletary's have been arbitrarily deprived and denied access to the use and enjoyment of their home including the benefit of a contract for the private use of the home for the production of a major motion picture film and threatened with contempt. All by the treacherous and despotic use of governmental authority under color of law and conspiratorial orchestration and machination under color of law to plaintiffs detriment and damage.

IV. **RELIEF.**

*State briefly and exactly what you want this court to do for you.*

This is an action for injunctive relief and for the recover of damages compensatory, punitive, and attorneys fees arising under, both section 1983 and 1985 title 43, The fair Housing Act of 1948, Slander & Libel, Slander Against Title, Conspiracy Against Civil Rights, freedom of Information Act, and related provisions of the United States Constitution including the 13th and 14th Amendment there under. Plaintiffs also request this Honorable Court issue a Writ of Mandamus Ordering the City of North Charleston Building Department to issue a Certificate of Occupancy for 4321 Waterview Circle, North Charleston, SC  29405.

*I declare under penalty of perjury that the foregoing is true and correct.*

Signed this ___17___ day of ___June_____, _20_09__.

_____
Signature of Plaintiff

AO440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA
### CHARLESTON DIVISION

John G. Singletary Jr. and Carla C. Singletary, Plaintiff,

v.

The City of North Charleston, North Charleston Mayor Keith Summey and its employees and agents listed below., Defendant.

SUMMONS IN A CIVIL CASE

C/A No.: _____

TO: (Name and address of defendant)

Name: (1) City of North Charleston Clerk and Legal Dept. (City Attorney) Brady Hair, (2) City Bldg. Dept Darbis Brigman, (3) City Zoning Dept. William Gore, (4) ZBA, Vice Chair Donald Schaeffer, (5) City Mayor Keith Summey,

Address: (6) City Bldg. Inspector Rick Williams, (7) City Zoning Inspector Mary Cohen, and (8) ZBA Sec. Adrienne Williams. 4900 La Cross Rd.

City, State Zip: North Charleston, SC 29405

**YOU ARE HEREBY SUMMONED** and required to file with the Clerk of this Court and serve upon PLAINTIFF'S ATTORNEY, or if unrepresented, plaintiff(s):

Name: Brady Hair, North Charleston City Clerk or Mayor Keith Summey

Address: 4900 LaCross Rd

City, State Zip: North Charleston, SC 29405

an answer to the complaint which is served upon you, within _____ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

_____          _____
Clerk                                 Date


_____
By Deputy Clerk

AO 440 (Rev 1/90) Summons in a Civil Action

| RETURN OF SERVICE | |
|---|---|
| Service of the Summons and Complaint was made by me[1] | DATE |
| NAME OF SERVER (PRINT) | TITLE |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant. Place where served: _____

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
Name of person with whom the summons and complaint were left: _____

☐ Returned unexecuted: _____

☐ Other (specify): _____

| STATEMENT OF SERVICE FEES | | |
|---|---|---|
| TRAVEL | SERVICES | TOTAL |

**DECLARATION OF SERVER**

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____    _____
                        Date                          Signature of Server

                                        _____
                                        Address of Server

1) As to who may serve a summons, see Rule 4 of the Federal Rules of Civil Procedure.

JS44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I (a) PLAINTIFFS**

John Singletary and Carla Singletary

**DEFENDANTS** (1) City of North Charleston, (2) City Bldg. Dept and Darbis Brigman, (3) City Zoning Dept. and William Gore, (4) City ZBA and Donald Schaeffer, (5) City Legal Dept. (6) City Mayor Keith Summey, (7) City Bldg. Inspector Rick Williams, (8) City Zoning Inspector Mary Cohen, and (9) ZBA Sec. Adrienne Williams.

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  Charleston
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT  Charleston
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

(Pro se)

ATTORNEYS (IF KNOWN)

Brady Hair

**II. BASIS OF JURISDICTION** (PLACE AN X IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties IN Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|   | PTF | DEF |   | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**V. NATURE OF SUIT** (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury — Med Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury — Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers Liability | | ☐ 640 R.R. & Truck | PROPERTY RIGHTS | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 650 Airline Regs | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | PERSONAL PROPERTY | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | LABOR | SOCIAL SECURITY | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 791 Empl. Ret. Inc. Security Act | FEDERAL TAX SUITS | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☒ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | ☐ 871 IRS — Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Other | | | |

**VI. ORIGIN** (PLACE AN x IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (Specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VII. REQUESTED IN COMPLAINT:**  CHECK IF THIS IS A **CLASS ACTION**  ☐ UNDER F.R.C.P. 23    **DEMAND $**    Check YES only if demanded IN complaint:    **JURY DEMAND:**  ☒ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY**  (See Instructions)    JUDGE _____    DOCKET NUMBER _____

DATE                SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS-44

Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a) Plaintiffs - Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved).

(c) Attorneys. Enter firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II. Jurisdiction.** The basis of jurisdiction is set forth under Rule 8 (a), F.R.C.P., which requires that jurisdictions be shown in pleading. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction is based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an X in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4)This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III. Residence (citizenship) of Principal Parties.** This section of the JS-44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV. Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause.

**V. Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section IV above, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**VI. Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5)For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) check this box for an appeal from a magistrate's decision.

**VII. Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII. Related Cases.** This section of the JS-44 is used to reference relating pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.
(rev. 07/89)

# UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA

John G. Singletary Jr. and Carla C Singletary,

        Plaintiff,

vs.

(1) City of North Charleston, (2) City Bldg. Dept and Darbis Brigman, (3) City Zoning Dept. and William Gore, (4) City ZBA and Donald Schaeffer, (5) City Legal Dept. (6) City Mayor Keith Summey, (7) City Bldg. Inspector Rick Williams, (8) City Zoning Inspector Mary Cohen, and (9) ZBA Sec. Adrienne Williams.

        Defendant(s).

C/A No. _____

**Pro Se Party's Answers to Rule 26.01 Interrogatories**

(A) State the full name, address and telephone number of all persons or legal entities who may have a subrogation interest in each claim and state the basis and extent of said interest.

(B) As to each claim, state whether it should be tried jury or non jury and why.

N/A

(C) State the basis for asserting the claim in the division in which it was filed (or the basis of any challenge to the appropriateness of the division).

John Singletary and Carla Singletary both reside at 2937 Alabama Dr. North Charleston, Charleston County, State of South Carolina in the United States of America.

The City of North Charleston is a municipality with each of its departments, employees and or agents listed work in Charleston County, State of South Carolina in the United States of America. All live in South Carolina The amount of controversy exceed one hundred thousand dollars in cost and interest.

(D) Is this action related in whole or in part to any other matter filed in this District, whether civil or criminal? If so, provide:
   (1) a short caption and the full case number of the related action;
   (2) an explanation of how the matters are related; and
   (3) a statement of the status of the related action.

Please disclose any cases which may be related regardless of whether they are still pending.

*Note:*  Whether cases are related such that they should be assigned to a single judge will be determined by the Clerk of Court based on a determination of whether the cases: arise from the same or identical transactions, happenings or events; involve the identical parties or property; or for any other reason would entail substantial duplication of labor if heard by different judges.

_____Under Rule 27 requested pre-litigation discovery was requested, but not granted._____

_____

_____


(E) [*Pro Se* **Defendants** only.]  If the defendant is improperly identified, give the proper identification and state whether the party(ies) submitting these responses will accept service of an amended summons and pleading reflecting the correct identification.

_____defendants are properly identified_____

_____


(F) [*Pro Se* **Defendants** only.] If you contend that some other person or legal entity is, in whole or in part, liable to you or the party asserting a claim against you in this matter, identify such person or entity and describe the basis of said liability.

_____

_____

_____

_____


**I declare under penalty of perjury that the foregoing is true and correct.**

*Signed this* _____ *day of* _____, 20___.


_____
*Signature of Party Responding*

AO 398 (12/93)

# UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
### CHARLESTON DIVISION

John G. Singletary Jr. and Carla C. Singletary )
_____ )   C/A No.:_____
Plaintiff(s) )
(1) City of North Charleston, (2) City Bldg. Dept and Darbis Brigman, )
                                v.
(3) City Zoning Dept. and William Gore, (4) City ZBA and Donald )   **NOTICE OF LAWSUIT AND REQUEST FOR**
Schaeffer, (5) City Legal Dept. (6) City Mayor Keith Summey, )   **WAIVER OF SERVICE FOR SUMMONS**
_____ )
Defendant(s)   (7) City Bldg. Inspector Rick Williams,)
(8) City Zoning Inspector Mary Cohen, and (9) ZBA Sec. Adrienne Williams.

TO:  (A)_____

AS   (B)_____ of (C)_____

A lawsuit has been commenced against you (or the entity on whose behalf you are addressed). A copy of the complaint is attached to this notice. It has been filed in the United States District court for the District of South Carolina and has been assigned docket number (D)_____.

This is not a formal summons or notification from the court, but rather my request that you sign and return the enclosed waiver of service in order to save the cost of serving you with a judicial summons and an additional copy of the complaint. The cost of service will be avoided if I receive a signed copy of the waiver within (E)_____ days after the date designated below as the date on which this Notice and Request is sent. I enclosed a stamped and addressed envelope (or other means of cost-free return) for your use. An extra copy of the waiver is also attached for your records.

If you comply with this request and return the signed waiver, it will be filed with the court and no summons will be served on you. The action will then proceed as if you had been served on the date the waiver is filed, except that you will not be obligated to answer the complaint before 60 days from the date designated below as the date on which this notice is sent (or before 90 days from that date if your address is not in any judicial district of the United States).

If you do not return the signed waiver within the time indicated, I will take appropriate steps to effect formal service in a manner authorized by the Federal Rules of Civil Procedure and will then, to the extent authorized by those Rules, ask the court to require you (or the party on whose behalf you are addressed) to pay the full costs of such service. In that connection, please read the statement concerning the duty of parties to waive the service of the summons which is set forth at the foot of the waiver form.

I affirm that this request is being sent to you on behalf of the plaintiff this __18__ day of ____June____, 20_09_.

_____
Signature of Plaintiff's Attorney or Unrepresented Plaintiff

A - Name of individual defendant (or name of officer or agent of corporate defendant)
B - Title or other relationship of individual to corporate defendant
C - Name of corporate defendant, if any
D - District
E - Docket number of action
F - Addressees must be given at least 30 days in which to return waiver (60 days if located in foreign country)

AO 399 (12/93)

# UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA
_____ DIVISION

John G. Singletary and Carla C. Singletary )   C/A No.: _____
_____ )
    *Plaintiff(s)*                          )
(1) City of North Charleston, (2) City Bldg. Dept and Darbis Brigman, )
(3) City Zoning Dept. and William Gore, (4) City ZBA and Donald )   **WAIVER OF SERVICE OF SUMMONS**
Schaeffer, (5) City Legal Dept. (6) City Mayor Keith Summey, )
_____ )
    *Defendant(s)*   (7) City Bldg. Inspector Rick Williams, )
(8) City Zoning Inspector Mary Cohen, and (9) ZBA Sec. Adrienne Williams.

    I acknowledge receipt of your request that I waive service of a summons in this action. I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

    I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided for by Rule 4 of the Federal Rules of Civil Procedure.

    I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

    I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an answer or motion under Rule 12 is not served upon you within 60 days after _____ (date request was sent), or within 90 days after that date if the request was sent outside the United States.

_____        _____
*(Date)*                              *(Signature)*

                                                        _____
                                                        *(Printed/Typed Name)*

                                                        As _____

                                                        Of _____

### Duty to Avoid Unnecessary Costs of Service of Summons

    *Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of a summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.*

    *It is not good cause for a failure to waive service if that party believes that the complaint is unfounded or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.*

    *A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had actually been served when the request for waiver of service was received.*

AO 85 (Rev. 8/98) Notice, Consent, and Order of Reference — Exercise of Jurisdiction by a United States Magistrate Judge

# UNITED STATES DISTRICT COURT
## District of South Carolina

, Plaintiff

v.

, Defendant

NOTICE, CONSENT, AND ORDER OF REFERENCE — EXERCISE OF JURISDICTION BY A UNITED STATES MAGISTRATE JUDGE

Case Number:

## NOTICE OF AVAILABILITY OF A UNITED STATES MAGISTRATE JUDGE TO EXERCISE JURISDICTION

In accordance with the provisions of 28 U.S.C. 636(c), and Fed.R.Civ.P. 73, you are hereby notified that a United States magistrate judge of this district court is available to conduct any or all proceedings in this case including a jury or nonjury trial, and to order the entry of a final judgment. Exercise of this jurisdiction by a magistrate judge is, however, permitted only if all parties voluntarily consent.

You may, without adverse substantive consequences, withhold your consent, but this will prevent the court's jurisdiction from being exercised by a magistrate judge. If any party withholds consent, the identity of the parties consenting or withholding consent will not be communicated to any magistrate judge or to the district judge to whom the case has been assigned.

An appeal from a judgment entered by a magistrate judge shall be taken directly to the United States court of appeals for this judicial circuit in the same manner as an appeal from any other judgment of a district court.

## CONSENT TO THE EXERCISE OF JURISDICTION BY A UNITED STATES MAGISTRATE JUDGE

In accordance with the provisions of 28 U.S.C. § 636(c) and Fed.R.Civ.P. 73, the parties in this case consent to have a United States magistrate judge conduct any and all further proceedings in this case, including the trial, order the entry of a final judgment, and conduct all post-judgment proceedings.

| Party Represented* | Signatures | Date |
|---|---|---|
| | | |
| | | |
| | | |

*NOTE:
THE UNITED STATES ATTORNEY FOR THE DISTRICT OF SOUTH CAROLINA BY STANDING MISCELLANEOUS FILING [3:04mc5005] HAS CONSENTED IN ALL SOCIAL SECURITY CASES TO DISPOSITION BY A UNITED STATES MAGISTRATE JUDGE.

## ORDER OF REFERENCE

IT IS ORDERED that this case be referred to The Honorable _____, United States Magistrate Judge, to conduct all proceedings and order the entry of judgment in accordance with 28 U.S.C. § 636(c), Fed.R.Civ.P. 73.

_____     _____
Date                         United States District Judge

NOTE: RETURN THIS FORM TO THE CLERK OF THE COURT <u>ONLY IF</u> ALL PARTIES HAVE CONSENTED ON THIS FORM TO THE EXERCISE OF JURISDICTION BY A UNITED STATES MAGISTRATE JUDGE.