UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| John and Carla Singletary, | ) | |
| | ) | C.A. No. 2:09-1612-MBS |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | **ORDER AND OPINION** |
| | ) | |
| City of North Charleston**,** | ) | |
| Zoning Board of North Charleston, | ) | |
| Zoning Board of Appeals of North Charleston, | ) | |
| William Gore, in his official and individual | ) | |
| capacity, and other John Doe City of North | ) | |
| Charleston officials, yet to be identified in | ) | |
| their official and individual capacities, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on Defendants' motion to dismiss Plaintiffs' complaint (Entry 14) and Defendants' motion to dismiss Plaintiffs' amended complaint (Entry 38). For the reasons set forth herein, the court grants Defendants' motion to dismiss the amended complaint as to Plaintiffs' procedural due process claim and denies Defendants' motion to dismiss the amended complaint as to Plaintiffs' remaining claims.

## I.   <u>Background</u>

This case arises out of Plaintiffs' zoning dispute with the City of North Charleston, the Zoning Board of North Charleston, the Zoning Board of Appeals of North Charleston, William Gore, and others ("Defendants"). In December 2003, Plaintiffs purchased property in Charleston, South Carolina (the "property"). Entry 37. In February 2007, Plaintiffs applied for site plan approval for construction of a single family home on the property. Id. at ¶ 12. The plans were

1

submitted to the City of North Charleston and the North Charleston Building Department; but, the plans submitted to the City of North Charleston did not show steps to the home.[1] Id. at ¶ 13. Soon after, Plaintiffs began construction after they received site plan approval and a building permit from the City of North Charleston.[2] Id. at ¶ ¶ 14-15 .

During the construction of stairs extending from the front of the house, the City of North Charleston's Planning and Zoning Department noticed the building was not in accordance with the site plan Plaintiff John Singletary submitted for approval.[3] Entry 38, 2. Plaintiffs resubmitted plans that accounted for the stairs, and the plans were subsequently approved because they complied with the City's setback requirements showing an excess of 25 feet from the property line to the edge of the house.[4] Id. However, while the stairs were being constructed, the zoning and building officials determined that the stairs did not comply with the approved site plans. Id.

Plaintiffs subsequently sought a variance. Id. After the zoning board denied the request, Plaintiff John Singletary appealed the matter to the Court of Common Pleas for the Ninth Judicial Circuit in Charleston, South Carolina, challenging the meaning of "front building line" and "right

---

[1] Plaintiffs allege they were not required to include steps of the house in the plans they submitted to the City of North Charleston Zoning Board. Entry 37, ¶ 13.

[2] Plaintiffs allege "the application for the building permit included a to-scale blueprint of the porch and steps including a side view, which allowed the zoning and building officials of North Charleston to ascertain the exact location of the step in relation to the street and front property lines." Id. at ¶ 17.

[3] Plaintiffs allege the house was built in accordance with the approved plans and that after the home was built, the City of North Charleston officials "began a coordinated and concerted harassment of the Singletarys [sic] meant to deny them occupancy of their new home." Id. at ¶ ¶ 20-21

[4] Plaintiffs allege the Building and Zoning Department initially told Plaintiffs their house was in violation of the height restrictions but later told them the house was in violation of side and rear setback requirements. Id. at ¶ 26.

of way," and arguing that his constitutional rights were violated. Id. Ex. A. The court affirmed the ruling of the zoning board. Id. at 3. Thereafter, Plaintiff John Singletary filed a motion seeking reconsideration and asking the presiding judge to recuse himself because the judge served as a municipal court judge in North Charleston from 1988 to 1990. Id. The judge denied both motions. Id.

On June 18, 2009, Plaintiffs filed a complaint with this court seeking injunctive relief, compensatory and punitive damages, attorney's fees, and a writ of mandamus requiring the City of North Charleston to issue a certificate of occupancy. Entry 1. Defendants filed a motion to dismiss the complaint on August 17, 2009. Entry 14. Plaintiffs filed a response in opposition to the motion to dismiss on October 5, 2009. Entry 28. On November 23, 2009, Plaintiff filed an amended complaint alleging the following six claims: (1) violation of substantive due process under the 14th Amendment; (2) violation of procedural due process under the 14th Amendment; (3) violation of the Equal Protection Clause of the 14th Amendment; (4) violation of 42 U.S.C. § 1983; (5) relief pursuant to 28 U.S.C. § 1651; and (6) inverse condemnation.[5] Entry 37. Defendants filed a motion to dismiss the amended complaint on December 11, 2009. Entry 38. Plaintiffs' response in opposition to the motion to dismiss the amended complaint was filed on January 16, 2010. Entry 49.

In their motion to dismiss the amended complaint, Defendants first argue that the court must abstain from considering Plaintiffs' complaint under the *Rooker-Feldman* and *Burford* abstention doctrines. Defendants next argue that Plaintiffs are not entitled to a writ of mandamus and the court

---

[5] Plaintiffs' counsel withdrew the inverse condemnation claim at the hearing on Defendants' motion to dismiss the amended complaint, held on February 1, 2010.

does not have jurisdiction to issue such an order. Defendants' final argument is that Plaintiffs' claims are barred by the doctrines of *res judicata* and collateral estoppel. In response, Plaintiffs argue that the *Rooker-Feldman* and *Burford* doctrines are not applicable. In Plaintiffs' view, the *Rooker-Feldman* doctrine does not apply because they are not directly challenging the state court action and did not litigate the instant claims in state court. Plaintiffs argue the *Burford* doctrine does not apply because this action is not a diversity action. Plaintiffs also argue that this court does have the power to issue a writ of mandamus, and that *res judicata* and collateral estoppel do not bar recovery in this case because the claims alleged in the amended complaint were not litigated, and could not have been litigated, in the state court action.

## II.    Standard of Review

   "In ruling on a motion to dismiss for failure to state a claim, it must be recalled that the purpose of a 12(b)(6) motion is to test the sufficiency of the complaint, not to decide the merits of the action." 2009 WL 3718883 at *4 (M.D.N.C. November 4, 2009) (citing Schatz v. Rozenburg, 943 F.2d 485, 489 (4th Cir. 1991)); Food Lion, Inc. v. Capital Cities/ABC, Inc., 887 F. Supp. 811, 813 (M.D.N.C. 1995)). A motion to dismiss should be granted when it appears that "the plaintiff can prove no set of facts to support the claim and entitle the plaintiff to relief." Randall v. United States, 30 F.3d 518, 522 (4th Cir. 1994) (citing Mylan Lab. Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). To determine whether a claim has facial plausibility, the court must determine whether the complaint sets forth "factual content that allows the court to draw the reasonable inference that the defendant

is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). It is noted that the United States Court of Appeals for the Fourth Circuit views the granting of a 12(b)(6) motion as appropriate only in "very limited circumstances" where "it appears to a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proved in support of his claim." Rogers v. Jefferson-Pilot Life Insurance Co., 883 F.2d 324, 325 (4th Cir. 1989).

### III. Discussion

#### A. Abstention

##### 1. *Rooker-Feldman* abstention

Defendants argue that this court must abstain from hearing Plaintiffs' claims under the *Rooker-Feldman* abstention doctrine.[6] The Supreme Court has stated that application of the *Rooker-Feldman* doctrine

> is confined to cases of the kind from which the doctrine acquired its name: cases brought by state court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments. *Rooker-Feldman* does not otherwise override or supplant preclusion doctrine or augment the circumscribed doctrines that allow federal courts to stay or dismiss proceedings in deference to state-court actions.

Exxon Mobil Corp. v. Saudi Basic Industries Corp., 544 U.S. 280, 284 (2005). In other words, post-Exxon, the *Rooker-Feldman* doctrine only applies if a state-court loser is challenging a state-court decision by alleging the state decision caused him injury. See Davani v. Virginia Dep't. of Transp., 434 F.3d 712, 718-20 (4th Cir. 2006). In Davani, the plaintiff lost before a Virginia state court and then filed suit in federal court raising claims similar to those he presented at the state court

---

[6] See District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983); Atlantic Coast Line R. Co. v. Locomotive Engineers, 398 U.S. 281 (1970). In both cases, the Supreme Court held that the district court lacked jurisdiction over the plaintiffs' complaints because the plaintiffs, after losing in state court, filed suit in federal court seeking review and rejection of the state court judgment.

proceedings.  Id. at 713.  The plaintiff did not allege in his federal complaint that the state court decision caused him injury; instead, he challenged that the defendants discriminated against him in violation of state and federal law.  Id. at 716.  Because the plaintiff's claims did not challenge the state decision, and were therefore independent from that decision, the Fourth Circuit held that the plaintiff's claims were not precluded by the *Rooker-Feldman* doctrine.  Id. at 719.

In the present case, unlike in Davini, there is language in Plaintiffs' amended complaint indicating that Plaintiffs are challenging the state court judgment.  In the section of Plaintiffs' amended complaint where they allege their procedural due process rights were violated, Plaintiffs state that "[t]he State Judge wrote and published an opinion without conducting a full and fair hearing which for the most part is a word for word adoption of the brief submitted by the City, with minor exceptions."  Entry 37, ¶ 90.  The court interprets this statement as a challenge to the state court judgment.  Accordingly, the court must abstain from hearing Plaintiffs' procedural due process claim under the *Rooker-Feldman* doctrine.  Since there is no indication in the amended complaint that Plaintiffs' remaining claims challenge the state court judgment, the court will not abstain from hearing the remaining claims.

### 2. *Burford* abstention

Defendants argue that this court must abstain from hearing Plaintiffs' claims under the *Burford* abstention doctrine.  Under the *Burford* abstention doctrine,[7] a district court may dismiss a federal action "in a 'narrow range of circumstances' when federal adjudication would 'unduly intrude' upon 'complex state administrative processes' because there exist (1) 'difficult questions of state law . . .

---

[7]See Burford v. Sun Oil Co., 319 U.S. 315 (1943).  In Buford, the plaintiff challenged an order of the Texas Railroad Commission on due process and state law grounds.  In ordering abstention of the complaint, the Court concluded that a single state agency was best suited to address the complex issues involving oil drilling.

whose importance transcends the result in the case then at bar' or (2) federal review would disrupt 'state efforts to establish a coherent policy with respect to a matter of substantial public concern.'" Reaching Hearts Int'l Inc. v. Prince George's County, 584 F. Supp. 2d. 766, 792 (D. Md. 2008) (quoting Martin v. Stewart, 499 F.3d 360, 364 (4th Cir. 2007). Federal courts may dismiss a case under the *Burford* abstention doctrine only where one of these "extraordinary circumstances" is present. Reaching Hearts, 584 F. Supp. 2d. at 792 (quoting Quackenbush v. Allstate Ins. Co., 517 U.S. 706, 726-27 (1996). This is so because "the balance between the state's interest in resolving difficult questions of state law or uniformity and the federal interest in adjudicating the case at bar 'only rarely favors abstention.'" Id. (quoting Quackenbush, 517 U.S. at 727).

The "*Burford* abstention is almost never appropriate when a case involves the presence of a genuine and independent federal claim.'" Fourth Quarter Properties IV, Inc. v. City of Concord, 127 F. App'x. 648, 654 (4th Cir. 2005) (quoting Pomponio v. Fauquier County Board of Supervisors, 21 F.3d 1319, 1324 (4th Cir. 1994)). Even still, federal courts are not permitted "to allow litigants to 'disguise [state law] issues as federal claims' in order to avoid abstention." Id. (quoting Pomponio, 21 F.3d at 1327-28). If a federal action is in substance "state law in federal law clothing," the claim should be dismissed under *Burford*. MLC Automotive, LLC v. Town of Southern Pines, 532 F.3d 269, 282-83 (4th Cir. 2008) (quoting Johnson v. Collins Ent. Co., Inc., 199 F.3d 710, 721 (4th Cir. 1999)).

With respect to cases involving questions of state law and zoning law, the Fourth Circuit has stated that such cases are "a classic example of situations where *Burford* should apply," and that:

> federal courts should not leave their indelible print on local and state land use and zoning law by entertaining these cases and . . . sitting as a zoning board of appeals. Thus, **in cases in which plaintiffs' federal claims stem solely from construction of state or local land use or zoning law, *not* involving the constitutional validity of the same and absent exceptional circumstances** . . ., the district courts should abstain under the *Burford*

> doctrine to avoid interface with the State's or locality's land use policy. In addition, we have consistently found *Burford* abstention appropriate when the claim is really 'state law in federal law clothing.'

MLC Automotive, 532 F.3d at 282-83 (emphasis added) (internal citations omitted).

Here, Plaintiffs' remaining causes of action under the 14th Amendment, 42 U.S.C. § 1983, and 28 U.S.C. § 1651 are facially and substantively genuine and independent federal claims. This case involves disputed issues about zoning laws, and the Fourth Circuit has made clear that federal courts should not entertain such cases unless there are constitutional claims involved or exceptional circumstances present. Since Plaintiffs allege constitutional claims in their amended complaint, *Burford* does not require abstention. Moreover, federal review of this action would not disrupt any state effort to establish a coherent policy with respect to any zoning law because the causes of action raised in the amended complaint do not pertain to state zoning laws, but rather pertain to alleged unconstitutional conduct on the part of city officials in charge of enforcing zoning laws.

### B.    Writ of Mandamus

Defendants argue this court does not have jurisdiction to entertain Plaintiffs' request for a writ of mandamus under 28 U.S.C. § 1651, and that Plaintiffs' claim should therefore be dismissed. Under § 1651, district courts "may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." For this reason, the court declines to dismiss Plaintiffs' writ of mandamus request at this stage in the proceedings.

### C.    Res Judicata & Collateral Estoppel

Defendants argue Plaintiffs' claims are barred by *res judicata* and *collateral estoppel*. The doctrine of *res judicata* applies where: (1) the same parties or their privies are involved in both actions; (2) the subject matter is the same in both actions; and (3) where the questions in issue were actually ruled

upon. <u>Pye v. Aycock</u>, 480 S.E.2d 455, 458 (S.C. Ct. App. 1997). Under the doctrine of collateral estoppel, a party may not re-litigate in a subsequent suit an issue litigated and determined in a prior action. <u>See</u> <u>Noonan v. Stock Building Supply, Inc.</u>, 2009 WL 302314 at *2 (D.S.C. 2009). In the case at bar, Plaintiffs' § 1983 claim and substantive due process and equal protection claims under the 14th Amendment, were not litigated or ruled upon by the state court judge. Accordingly, the court declines to grant Defendants' 12(b)(6) motion to dismiss Plaintiffs' claims on *res judicata* or collateral estoppel grounds.

## IV.    <u>Conclusion</u>

For the reasons set forth above, Defendants' Motion to Dismiss the Amended Complaint (Entry 38) is hereby granted in part and denied in part. The court hereby grants Defendants' 12(b)(6) motion as to Plaintiff's procedural due process claim (Count II) and denies Defendants' 12(b)(6) motion as to Plaintiff's remaining claims. As noted above, Plaintiffs' counsel withdrew the inverse condemnation claim (Count VI) at the hearing on Defendant's 12(b)(6) motion, held on February 1, 2010. Defendants' motion to dismiss Plaintiffs' complaint (Entry 14) is hereby dismissed as moot.

**IT IS ORDERED.**


s/Margaret B. Seymour
United States District Judge

February 23, 2010
Columbia, South Carolina