# Exhibit A

| | |
|---|---|
| IN THE STATE OF SOUTH CAROLINA ) <br> ) <br> COUNTY OF CHARLESTON ) <br> ) <br> John Singletary ) <br> ) <br> Appellant, ) <br> ) <br> vs. ) <br> ) <br> City of North Charleston, Board of ) <br> Zoning Appeals, ) <br> ) <br> Respondent. ) <br> ) | IN THE COURT OF COMMON PLEAS <br> NINTH JUDICIAL CIRCUIT <br> Case No.: 08-CP-10-3929 <br><br> **ORDER** <br><br> FILED 2009 JAN -6 PM 2:51 <br> JULIE J. ARMSTRONG <br> CLERK OF COURT |

## Background

This case revolves around the measurement of a front yard setback at the Appellant's residence located at 4321 Waterview Circle, in North Charleston, South Carolina. During the construction of stairs extending from the front of the house, it became clear to the City's Planning and Zoning Department that Appellant was not building his home in accordance with the site plan he submitted for approval. When informed of the apparent discrepancy, Appellant resubmitted plans which accounted for the stairs. On both occasions the Appellant's site plan indicated compliance with the City's setback requirements showing an excess of 25 feet from the property line to the edge of the house.

Based on a submission of a code compliant site plan, Appellant was again given approval. However, Appellant did not construct the stairs in accordance with the measurements indicated in either the site plan or the City's ordinances. While the drawings submitted to the City indicated that the edge of the residence was setback more than 25 feet from the property line, the evidence makes clear that in preparing the measurements submitted to the City for approval the Appellant incorrectly measured from the edge of the house to the edge of the paved

1 

roadway. The measurement should be made from the nearest edge of the structure to the edge of the right-of-way. As demonstrated by the instant case, there can be a significant difference between the two measurements.

As a result of this mistake, Appellant sought a variance from the City of North Charleston's Board of Zoning Appeals. The Appellant advanced two main arguments: that the brick stairway on the front of the house was not actually part of the house for measurement purposes, and, alternatively, that the measurement should be made to the pavement rather than to the right-of-way. No evidence was presented on any of the four statutory elements that must be established in order to be lawfully entitled to receive a variance from the Board. Given the measurement errors and a complete lack of evidence regarding the variance elements, the Board denied the variance. This appeal followed.

## Standard of Review

Appellate review of the Zoning Board is limited to the certified record of the board's proceedings. SC Code Ann. § 6-29-840. The board's findings of fact are to be treated in the same manner as a finding of fact by a jury, and the court may not take additional evidence. "A court will refrain from substituting its judgment for that of a reviewing body, even if it disagrees with the decision." Restaurant Row Assocs. v. Horry County, 516 S.E.2d 442, 446 (S.C. 1999). "However, a decision of a municipal zoning board will be overturned if it is arbitrary, capricious, has no reasonable relation to a lawful purpose, or if the board has abused its discretion." Id.

## Discussion

Section 4-7 of the City's Zoning Regulations requires a house to be built within the "buildable areas [sic] as defined by this ordinance, and in no case shall such buildings extend beyond the buildable area into the respective front, side, rear yards or other setbacks . . . ." In



2

other words, the house may not encroach into any defined setback. So, to understand the board's decision, we must first look at how this setback is calculated. Several factors can go into this calculation, including restrictive covenants, the zoning district, and neighborhood design. Here, the neighborhood's restrictive covenants mandate a house be setback 25 feet from the front property line. The Zoning Board in making its decision must follow this restrictive covenant. SC Code Ann. § 6-29-1145.

Next, we must determine the proper method of measurement of the 25' setback. In the City of North Charleston, an individual must measure this setback from the front property line to the front of the house; this is evidenced by the definition of "front yard" in Section 3-2 of the City's Zoning Regulations. Section 3-2 defines a front yard as "a yard extending the full width of the front of a lot between the front right-of-way line or property line and the front building line." Appellant disputes the meaning of both "the front building line" and "the front property line or right-of-way line."

### Front Building Line

Plain English and common sense tell us that "the front building line" marks the front of the building. "The front building line" certainly includes the brick stairs at issue here. These stairs are an integral part of the house, and in fact the house would be illegally built if no stairs were in place. *See* Section R311.4.1 of the International Residential Code, adopted by North Charleston (requiring habitable residences to have accessible stairs for safety purposes). Additonally, Section 4-7(1) of the City's Regulations, which lists several exceptions to what constitutes part of the "building" for measurement purposes, specifically excludes the term "stairs", indicating their inseverability from the "building".



3

### Right-of-way

Appellant also challenges the meaning of the ordinance's "right-of-way" language by claiming he correctly measured the setback from the pavement in accordance with the City's code. To examine this contention, one should note the difference between a "right-of-way", which determines the actual property line, and the paved road that falls within the right-of-way. SC Code Ann. § 57-3-120(1) defines "road" as a general term "denoting a public way for purpose of vehicular travel, *including the entire area within the right-of-way*." (emphasis added). It necessarily follows that the paved or improved portion of a road is something less than the entire "right-of-way".

Similarly, the City's own code also makes a distinction between the width of the pavement and the width of the right-of-way. Section 17-80 of North Charleston's Road Code, subsection (a)(1) states, "A minimum *pavement width of twenty (20) feet* for the surface course with a 21 foot base course is required for a standard residential street having a *right-of-way width of fifty (50) feet.*" (emphasis added). Applying the above standards to the instant case, it becomes clear that the pavement in front of Appellant's house does not extend to the right-of-way edge. Even Appellant's own site plan shows separately the right-of-way boundary and the pavement boundary, and specifically mentions that his measurements are from the edge of the right-of-way, not the pavement.

### Estoppel

Additionally, Appellant cannot rely on the City's initial approval of his site plans for estoppel purposes, since the initial site plans showed Appellant in conformity with zoning requirements. *See* Grady v. City of Greenville, 123 S.E. 494 (S.C. 1924).



4

### Lack of Notice

Finally, Appellant claims that because he received no notice, or improper notice of the zoning board hearing, his due process rights were violated. Appellant bases this argument on the fact that the notice he received allegedly told him that his hearing would be at 6:00pm, when in fact it was actually scheduled for 5:00pm. The City of North Charleston has attached as exhibits both the letter mailed to Appellant, and a photograph of the sign in Appellant's front yard indicating the time of the zoning board meeting – both the letter and the sign clearly say that the hearing was to be at 5:00pm. The fact that Appellant did not actually arrive until after 5:00pm was his own decision.

### Conclusion

I have thoroughly considered the Appellant's appeal, supporting and opposing material and arguments, and based on same AFFIRM the ruling of the City of North Charleston Zoning Board.

AND IT IS SO ORDERED.

_____
The Honorable Roger M. Young

__11/6__, 2009
Charleston, South Carolina.

5